No. 24-1212

---

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

CELLCO PARTNERSHIP, doing business as Verizon Wireless,
Plaintiff-Appellee,

v.

CITY OF MILWAUKEE and JERREL KRUSCHKE,
Defendants,

and

DEER DISTRICT LLC,
Intervening Defendant-Appellant.

---

Appeal From the United States District Court
For the Eastern District of Wisconsin,
Case No. 2:23-CV-1581
The Honorable Brent H. Ludwig, Presiding

---

## REPLY BRIEF OF INTERVENING
## DEFENDANT-APPELLANT DEER DISTRICT LLC

---

REINHART BOERNER VAN DEUREN S.C.
Daniel G. Murphy
Jessica Hutson Polakowski
Attorneys for the Intervening Defendant-Appellant,
Deer District LLC

1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ................................................................................. 1

ARGUMENT ...................................................................................... 2

I.   The City's Violation of the TCA Does Not Preempt Deer District's
     Rights ................................................................................... 4

     A.   Verizon rewrites the District Court's Decision. .................... 4

     B.   Verizon identifies no authority for its preemption claim. ..... 5

     C.   Verizon seeks to expand the reach of the TCA beyond its terms
          and apply it to private parties' rights ............................... 9

II.  Verizon's Interprets and Applies the Lease's Terms Contrary to Their
     Plain Language, Other Terms Within the Lease, and Common Sense. ......... 11

III. The Lease Grants Deer District Exclusive Control Over Commercial
     Activity in the Plaza .................................................................. 14

IV.  The Plaza is Not "Other Similar Property" Under § 66.0414(1)(t). ............... 17

V.   Verizon Bootstraps its Incorrect Interpretation of the Lease to its
     Argument that No Taking Occurred. ................................................ 18

VI.  The Court Must Interpret the "Right-Of-Way" Definition in § 66.0414
     or Certify That Question to the Wisconsin Supreme Court. ........................ 19

VII. Deer District Has Not Waived Its Ability to Support its Appellate
     Arguments With § 229.461 and Those Arguments Demonstrate the
     District Court's Errors. ............................................................... 20

CONCLUSION .................................................................................... 23

CERTIFICATE OF COMPLIANCE ............................................................. 24

CERTIFICATE OF SERVICE ................................................................... 25

# TABLE OF AUTHORITIES

Page

**Cases**

*Artis v. District of Columbia,*
  583 U.S. 71, 89 (2018) ...................................................................... 19

*Home Indem. Co. of N. Y. v. Allen,*
  190 F.2d 490, 491 (7th Cir. 1951) ......................................................... 9

*National Tower, LLC v. Plainville Zoning Board of Appeals,*
  297 F.3d 14 (1st Cir. 2002) ............................................................... 7, 8

*Ogden Fire Co. No. 1 v. Upper Chichester Township,*
  504 F.3d 370 (3d Cir. 2007) .............................................................. 5, 6

*Primeco Pers. Commc'ns v. City of Mequon,*
  242 F. Supp. 2d 567, 574 (E.D. Wis. 2003) ......................................... 10

*T-Mobile Central, LLC v. Charter Township of West Bloomfield,*
  691 F.3d 794, 797 (6th Cir. 2012) ......................................................... 7

*United States v. Billups,*
  536 F.3d 574, 578 (7th Cir. 2008) ................................................. 20, 21

**Statutes**

47 U.S.C. § 332(7)(B)(i) .......................................................................... 10

47 U.S.C. § 332(c)(7) ............................................................................ 1, 9

47 U.S.C. § 332(c)(7)(A) ........................................................................... 4

Wis. Stat. § 229.461 .......................................................... 3, 20, 21, 22, 23

Wis. Stat. § 340.01(58) ........................................................................... 17

Wis. Stat. § 66.0414 ....................... 1, 2, 3, 5, 10, 11, 12, 13, 14, 17, 19, 20, 21, 22, 23

Wis. Stat. § 66.0414(1)(t) ................................................................... 3, 17

Wis. Stat. § 66.0907(1) ........................................................................... 17

Wis. Stat. § 991.11 ................................................................................. 21

**Other Authorities**

2015 Wisconsin Act 60 ............................................................................ 20

2019 Wisconsin Act 14 .............................................................. 21

Madison, Wis., Code of Ordinances § 10.055 ........................... 18

Madison, Wis., Code of Ordinances § 10.056 ........................... 18

Madison, Wis., Code of Ordinances § 12.167 ........................... 18

Milwaukee, Wis., Code of Ordinances § 105-55.5 .................... 17

# INTRODUCTION

Cellco Partnership d/b/a Verizon Wireless ("Verizon") would have this Court create new law, significantly expanding the reach of the Telecommunications Act ("TCA"). Under Verizon's theory of the law, the TCA, specifically 47 U.S.C. § 332(c)(7), trumps property rights held by private entities. Verizon asks this of the Court without providing any support for its position. The Court should reject Verizon's transparent attempt to sidestep the merits of this appeal with which Verizon engages only partially. Verizon assumes the pedestrian mall adjacent to Fiserv Forum (the "Plaza") which the Wisconsin Center District ("WCD") leases from the City (the "Lease") and subleases to the Deer District, LLC ("Deer District") (the "Sublease") is a right-of-way and that the definition of "right-of-way" in Wisconsin Statutes § 66.0414 means nothing more than an area open to the public—a common law right-of-way. The Court must not fall for Verizon's attempts to assume away the issues in this appeal by adopting an overly simplistic view of them. Section 66.0414 authorizes small cell installation in certain—but not all— common law rights-of-way. The Plaza is a common law right-of-way but under the terms of the Lease, it is not a right-of-way as defined by § 66.0414. For the reasons that follow as well as those articulated in Deer District's opening brief, the Court should reverse the District Court and find that Verizon's permits are invalid as issued in violation of Wisconsin law, including § 66.0414.

<u>**ARGUMENT**</u>

Verizon makes a number of arguments in support of the District Court's decision. It argues that this appeal is precluded by the District Court's finding that the City violated the TCA. (*See* Verizon Br. at 18-23, (7th Cir.) ECF No. 19.) According to Verizon, that violation can erase Deer District's rights under the Lease. Verizon is wrong. The City's violations of the TCA have no impact on Deer District's private property rights.

Verizon also argues that the District Court properly interpreted the Lease (and Deer District did not) and that Deer District has no right to control commercial activity or improvement of the Plaza. (*See id.* at 25-33.) However, the District Court's interpretation ignores the fact that the Lease was entered into before the small cell statute was enacted and ignores Lease terms that clearly convey to Deer District control of the Plaza.

Verizon argues that the Plaza fits the definition of right-of-way in § 66.0414 because it is similar to a sidewalk in that pedestrians use the Plaza. (*See id.* at 33-35.) But pedestrians use many other places which cannot reasonably be deemed a right-of-way for purposes of small cell installation. Verizon also ignores glaring differences between the Plaza and a sidewalk, and the fact that Deer District holds a leasehold interest in the Plaza.

Verizon asks the Court to essentially ignore the remaining issues raised by Deer District. Verizon argues that a taking could not have occurred because the Plaza is a right-of-way and so the Court need not address whether the District

Court's interpretation of § 66.0414 caused an unconstitutional taking. (*See id.* at 36.) Verizon claims the Court can skip over any interpretation of the "right-of-way" definition in § 66.0414(1)(t) and Deer District's request for certification. (*See id.* at 37-38.) And Verizon says that Deer District waived its ability to support its arguments with Wisconsin Statutes § 229.461—the statute that directed Deer District to take control of the Plaza. (*See id.* at 38-39.) Verizon is wrong on all points. By oversimplifying the definition of "right-of-way" in § 66.0414(1)(t), the District Court took Deer District's property rights in the Lease, including those to control commercial activities in the Plaza and to improve the Plaza. This Court must interpret the statute to determine whether the Plaza is a right-of-way under the statute's definition (or whether it is only a right-of-way at common law). Finally, Deer District argued below that the Plaza is not a right-of-way and that the police powers doctrine does not apply to preclude the City's conveyance under the Lease of the right to control the Plaza. Those are the same arguments Deer District makes on appeal and which are supported by § 229.461. Deer District may offer additional support for arguments it preserved by raising them below. Moreover, Verizon's waiver argument overlooks that Deer District cited in the District Court the act underlying § 229.461 to argue that the Wisconsin Legislature authorized Deer District's control of the Plaza. Deer District has properly preserved its reliance on § 229.461.

Despite its many attempts, Verizon offers no defensible justification for the result the District Court reached. The Court must reverse the District Court.

I.      The City's Violation of the TCA Does Not Preempt Deer District's Rights.

Verizon claims that Deer District cannot maintain this appeal because it did not challenge the District Court's findings regarding the City's violation of the TCA which, according to Verizon, render Deer District's private property rights unenforceable as "preempted" by the TCA. (Verizon Br. at 18-23.) Verizon's argument must fail for several reasons.  As discussed in more detail below, Verizon's argument finds no support in the District Court's decision or caselaw, it would impermissibly expand the scope of the TCA beyond that which the statute's text would bear, and finally, interpreting the TCA as Verizon suggests would lead to perverse results. Verizon's argument regarding preemption must be rejected.

A.      Verizon rewrites the District Court's Decision.

Contrary to Verizon's representations the District Court did not rule that the TCA preempted Deer District's assertion of its private property rights. (*See* Verizon Br. at 19-20.) In fact, the word "preempt," including any derivatives, appears just once in the District Court's opinion, when the District Court explains that the TCA "*does not* completely preempt local government regulatory authority 'regarding the placement, construction, and modification of personal wireless service facilities.'" (Deer District App. at 7 (emphasis supplied) (quoting 47 U.S.C. § 332(c)(7)(A)).)

Instead, the District Court found that the City's November 10, 2023 letter, which explained the City lacked authority to issue permits in the Plaza, was "untimely and irrelevant" for purposes of satisfying the City's burden to supply substantial evidence in support of the permit denials. (*See* Deer District App. at 12.) Before deeming the letter irrelevant, the Court explained that it was analyzing

whether the City had met its "deadline under both state and federal law to provide a written decision supported by *substantial evidence*." (*Id.* (emphasis supplied).)

Moreover, the District Court went on to analyze whether the Plaza was a right-of-way for purposes of § 66.0414. (*See* Deer District App. at 13-16.) Had it ruled that the City's violations of the TCA preempted this issue, there would be no need for the District Court to address it, yet the District Court did address it.

Verizon cannot, via argument, add to the District Court's opinion in an attempt to skirt the central issue of this appeal—whether the Plaza is a right-of-way for purposes of § 66.0414.

## B.    Verizon identifies no authority for its preemption claim.

Verizon fails to provide the Court with any authority for the proposition that a municipality's failure to observe the requirements of the TCA can destroy private property rights. In an attempt to do so, Verizon cites three cases, none of which support its position or otherwise provide relevant guidance to this Court.

The first case Verizon discusses is *Ogden Fire Co. No. 1 v. Upper Chichester Township*, 504 F.3d 370 (3d Cir. 2007). In *Ogden*, after the district court reversed a municipal zoning board's denial of a cell site application on the basis of a TCA substantial evidence violation, the municipality's building inspector denied a building permit application for the same cell site. *See id.* at 376-377. The inspector did so after determining that the project resulted in the subdivision of land via leasehold which required separate approval by the subdivision department. *Id.* at 377. The provider went back to the district court and the district court sided with the provider and directed the municipality to issue all necessary approvals for the

project. *Id.* The municipality appealed, arguing, as relevant to the belated building permit denial, that the TCA places limits only on local government's zoning (i.e. land use) authority, not its subdivision (i.e. land development) authority. *Id.* at 395. The court rejected this argument, reasoning that it would allow the municipality to "merely shift the battle from the zoning agency to another agency" and block any attempts by providers to construct wireless facilities. *Id.* at 396.

*Ogden* does not stand for the proposition Verizon cites it for. Verizon claims that the court there "found that federal law preempted the [municipality's] denial." (Verizon's Br. at 21.) The court did no such thing. The court found that the municipality could not justify its permit denial on the belated basis offered by the building inspector. *See Ogden*, 504 F.3d at 396. But it did not find that the TCA preempts *any* belated justification for a permit denial, or any assertion, as here, that the permit was invalid at the time it was purportedly issued. In fact, the court noted that the municipality conceded that the provider could obtain the approval if it submitted the appropriate application, meaning it may have held differently if, as here, the belated objection was that the provider could not obtain the approval under any circumstances. *Id.*

*Ogden* has no bearing on this case. In addition to the above, Deer District is not a government actor. Moreover, the municipality in *Ogden* simply sought to force the provider to "jump through the prescribed hurdles on its way to ultimate approval." *Id.* Deer District does not bring this appeal to force Verizon to jump

through hoops—it is attempting to protect its property rights in the Plaza which preclude Verizon's ability to obtain a permit for small cell installation in the Plaza.

Verizon's second source of authority, *T-Mobile Central, LLC v. Charter Township of West Bloomfield*, 691 F.3d 794, 797 (6th Cir. 2012), merits less discussion because Verizon simply misquotes that court's decision. Verizon claims that the "court held . . . that, because 'the Township's actions violated the Telecommunications Act,' the court need 'not address the [Township's] state-law claim' that a provision of state law – which the Township did not cite as a reason for denial justified its permit denial." (Verizon Br. at 22.) While it is true that the Township did not cite the state law claim in its denial, that is because the claim was not brought by the Township, it was brought by T-Mobile. *T-Mobile*, 691 F.3d at 797-98, 809. In its desperation to find support for its position, Verizon wrongly attributes to the municipality in *T-Mobile* a claim by the provider. *T-Mobile* cannot instruct this Court on how to decide this case.

Verizon's final source of purported support, *National Tower, LLC v. Plainville Zoning Board of Appeals*, 297 F.3d 14 (1st Cir. 2002), like the others, deals not with supposed preemption of private property rights (and so is irrelevant) but with a municipality's violation of the TCA (which is not at issue in this appeal). In *National Tower*, the municipality waffled on whether to treat the provider's applications as one for installation of a "radio tower" or a "public utility," ultimately landing on the latter. *See id.* at 18. The municipality then denied the applications on the grounds that the zoning code did not allow for the installation in the area

where the provider sought to construct it. *See id.* at 18-19. However, as the court pointed out, the zoning code did allow for installation of a public utility in the relevant area. *See id.* at 23. In its arguments to the court, the municipality sought to recast its written decision as treating the application as one for installation of a radio tower, which was prohibited under the zoning code. *See id.* The court rejected these efforts, noting that it would "not uphold a board's denial of a permit on grounds that it did not present in its written decision." *Id.* at 22.

*National Tower* is inapposite. Deer District does not attempt to salvage, as did the municipality in *National Tower*, the City's denial of Verizon's permit application. Instead, Deer District argues that, notwithstanding any violation of the TCA, Verizon's permit is invalid and unlawful because the City did not have the authority to issue the permit to construct a small cell tower on Deer District's private property. *National Tower* does not address (nor does any other case cited by Verizon) the situation before this Court. It does not hold that if a municipality violates the TCA, a provider must be allowed to proceed with its proposed infrastructure deployment notwithstanding any other laws, including those protecting private parties' rights.

Verizon has not identified any support for its position. The above cases all involve circumstances where a municipality holds the right to issue permits over the area that is the subject of a provider's application. The City does not hold that right with respect to the Plaza.

### C. Verizon seeks to expand the reach of the TCA beyond its terms and apply it to private parties' rights.

Verizon's position conflicts with the terms of the TCA. The TCA does not impose restrictions on private parties, it restricts local governments. 47 U.S.C. § 332(c)(7) provides that local government regulation may not discriminate among providers or effectively prohibit provision of services and that the government's decision must be issued within a reasonable period and supported by substantial evidence. The TCA cannot encroach upon or even eliminate private property rights when its sole focus (at least as relevant here) is on government action.

Verizon conflates the TCA's safeguards against local government abuse of the permitting process with a federal green light to trample private property rights. Verizon argues that Deer District cannot bring this appeal because it "revive[s] arguments that a zoning authority waived by failing to include them in its timely issued decision" and thereby "upend[s] Congress's carefully designed regime in § 332 and the shot clock the FCC established." (Verizon Br. at 20.) However, again, the TCA regulates local government, not private parties. Deer District's arguments regarding its private property rights are its own to raise, and the City may not waive them. *See Home Indem. Co. of N. Y. v. Allen*, 190 F.2d 490, 491 (7th Cir. 1951) ("[B]efore there can be a waiver of a right there must be full knowledge of the facts by the person against whom the waiver is sought and some act clearly indicating the intention to relinquish the right."). Deer District has never acted to waive its property rights; in fact, it has always advocated to protect them.

Verizon's proposed application of the TCA would allow for absurd results. According to Verizon, if a municipality determined only belatedly, after the 90-day shot clock had run, that it accidentally issued a permit for the installation of wireless infrastructure within a private home, the homeowner's private property rights would be forfeited by the municipality's error because the TCA preempts any belated objections, by any party, even if the permit was invalid when it was issued. In its efforts to clear regulatory hurdles to wireless facility deployment, Congress could not have intended (and expressed no such intention) to usurp private property rights. *See Primeco Pers. Commc'ns v. City of Mequon*, 242 F. Supp. 2d 567, 574 (E.D. Wis. 2003) (discussing Congress's intent in enacting the TCA which specifically includes a desire not to dictate siting of wireless facilities).

A violation of the TCA cannot make lawful an unlawful permit. It is undisputed that the TCA left to local government the "regulation of the placement, construction, and modification" of wireless facilities. 47 U.S.C. § 332(7)(B)(i). While Verizon has challenged the City's denials of its permit applications, Verizon has not challenged § 66.0414 as in conflict with the TCA. Verizon's rights to small cell siting are found in § 66.0414, not the TCA. Therefore, even upon a finding that the City violated the TCA, Verizon's permit must still comply with the terms of § 66.0414.

Without any support for Verizon's preemption claim, the Court cannot find that Deer District's appeal is precluded by the City's TCA violation and must reach the merits of the appeal—whether the Plaza is a right-of-way under § 66.0414.

II.  **Verizon's Interprets and Applies the Lease's Terms Contrary to Their Plain Language, Other Terms Within the Lease, and Common Sense.**

Verizon engages in the same superficial reading of the Lease as did the District Court, reading its terms in isolation and without regard for when they came into existence. Verizon cites various provisions in the Lease which acknowledge that the Plaza is a right-of-way. (*See* Verizon Br. at 26-27, 28 (citing Lease Recital C and Lease §§ 1L, 4E(1), 17A).) There is no dispute, as Verizon points out, that the Plaza is a "right-of-way" as that term is defined in common law. That is how right-of-way is used in the Lease. Because § 66.0414 had not yet been enacted at the time the City and Deer District (via the Sublease) entered into the Lease, it cannot be the case that "right-of-way" as used in the Lease means a "right-of-way" under § 66.0414.

Verizon also regurgitates the District Court's interpretation of the grant of improvement rights in Lease Section 4E, contrasting it to the grant of exclusive control over commercial vending in Section 6 to argue that the City retained rights to improve the Plaza. (*See* Verizon Br. at 27-28.) However, like the District Court, Verizon fails to explain how a grant of a right to the Deer District, even a nonexclusive one, can reasonably be construed as reserving rights to the City. No such explanation exists; Section 4E specifically disclaims any such reservation. Section 4E conditions Deer District's right to improve the Plaza only on "compliance with applicable laws and the public transportation and public access rights granted" in the Lease. (*See* Deer District App. at 28.) Deer District's compliance with applicable laws cannot grant rights to the City, so the only rights limiting Deer

District's right to improve the Plaza are the public transportation and access rights in Sections 4B and 4C. (*See id.* at 26-28.) Neither of those sections (nor any others in the Lease) grant the City the right to allow third parties to install new utilities in the Plaza. *See id.* Even if Deer District's right to improve the Plaza is deemed non-exclusive, it simply does not follow that the City retained the right to authorize private parties to install commercial improvements in the Plaza (which are not related to the streetcar expansion under Section 4B).

Attempting to bolster the District Court's treatment of the Lease, Verizon identifies three other Lease provisions, Sections 15B, 22, and 8B, which, Verizon argues, "confirm" that the Plaza is a right-of-way for the purpose of Wis. Stat. § 66.0414. (Verizon Br. at 29.) Verizon is wrong. Section 15B demonstrates the opposite, and the other two sections do not address, much less confirm, the City's ability to authorize third party improvements or other commercial use of the Plaza. Section 15B provides as follows:

> Encumbrances.  City retains the right to devote portions of the Premises for utilities and Transit Amenities as described herein, and other easements necessary for public welfare and convenience, as determined by City on the condition that the exercise of the same does not unreasonably interfere with [Deer District's] rights under this Lease.

(Supp. App. at 19.) The City's right to encumber the Plaza under this section is limited to utilities and Transit Amenities "described herein" (*i.e.*, in Section 4B regarding the streetcar expansion and 4E regarding maintenance of *existing* utilities) and, perhaps more importantly, the City's exercise of that right cannot interfere with Deer District's rights under the Lease, including Deer District's right

to control commercial activities under Section 4C(1). (*See* Deer District App. at 26-29.) In other words, Section 15B shows that the City *does not* have the right to encumber the Plaza for purposes of new utility installation because to do so would not only interfere with Deer District's right to control commercial activity in the Plaza under Section 4C(1), it would erase that right.

Section 22 provides that no term in the lease is intended to convey beneficial ownership of the Plaza to Deer District and that the Lease does not create any relationship between the City and Deer District other than landlord and tenant. (*See* Supp. App. at 23.) Verizon fails to explain how this section confirms that the Plaza is a right-of-way under § 66.0414 or otherwise relates to the issues in this case. (*See* Verizon Br. at 29.) The section is irrelevant. Deer District does not contend that it owns the Plaza or that it is not the City's tenant. Deer District contends that its leasehold rights preclude Verizon's ability to obtain (and indeed the City's authority to issue) a permit for small cell deployment in the Plaza.

Finally, Verizon argues that because Deer District has the right to charge fees for Special Events under Section 8B, but no comparable provision grants Deer District the right to "charge fees to a service provider seeking to erect wireless facilities within the . . . Plaza," Deer District has no right to object to small cell installation in the Plaza. (Verizon Br. at 29.) Verizon apparently ignores Section 4C(1) in making this argument—Section 4C(1) grants to Deer District the right to control commercial activities in the Plaza. (*See* Deer District App. at 27.) Unless of course Verizon believes the Lease must expressly address the right to control small

cell installation under § 66.0414 which would be impossible because, again, that statute did not exist when the Lease was entered into. In either case, Section 8B has nothing to do with Deer District's ability to control commercial activities and/or improvements in the Plaza.

The Court should reject Verizon's attempts to salvage the District Court's erroneous interpretation of the Lease. The Lease turned over control of the Plaza to Deer District subject to the stated limited exceptions in the Lease, none of which apply to this dispute.

## III.   The Lease Grants Deer District Exclusive Control Over Commercial Activity in the Plaza.

Verizon argues that Deer District misreads the Lease with respect to Deer District's rights over commercial activity and improvements in the Plaza. Specifically, Verizon claims that Lease Sections 4C, 4D, 4E, and 6 do not support Deer District's position.

With respect to Section 4E, Verizon argues this section did not grant any rights but merely acknowledged existing rights held by the City and other utility owners to access and maintain existing utilities in the Plaza. (*See* Verizon Br. at 30-31.) This is a distinction without a difference. The only rights acknowledged/granted are those relating to then-*existing* utilities. Because Section 4E does not acknowledge/grant any right to the City or any other party to install *new* utilities without Deer District's consent, no such right exists.

Verizon states that Section 6 does not grant Deer District all rights to use the Plaza subject only to the limitations in the Lease because that section uses the

permissive "may be used." (*See id.* at 31.) Verizon misses the point. Section 6 conditions Deer District's use of the Plaza only on the limitations imposed by the Lease and at law. In other words, unless the Lease or law allow another party to use the Plaza for a certain purpose, no other party is allowed to use the Plaza. (*See* Deer District App. at 29.) Even if permissive, Section 6 grants Deer District the broadest possible right to use the Plaza and, in any event, when read in conjunction with Section 4C(1) which grants Deer District exclusive control of commercial activities in the Plaza, prohibits Verizon from using the Plaza to install small cells. (*See id.* at 27, 29.) Verizon has installed improvements in the Plaza for purposes of engaging in commercial activities. No Lease provision grants Verizon or any other third-party the right to do so. Verizon's use of the Plaza, therefore, violates Lease Sections 6 and 4C (among others).

Verizon's interpretation of Section 4C is unintelligible. Verizon writes that "because the phrase 'exclusive right' does not appear in Section 4C" Deer District does not have the exclusive right to control commercial activities in the Plaza. (Verizon Br. at 32.) Section 4C states that "any commercial activities or operations by members of the public" must be "expressly allowed by" Deer District. (Deer District App. at 27.) Verizon's position is irreconcilable with the terms of Section 4C. Because all commercial activities require Deer District's express authorization, Deer District exercises control over those activities. And Deer District's control is exclusive because the Lease does not identify another party who can authorize commercial activities in the Plaza and otherwise grants use of the Plaza to Deer

District. *See supra* (discussion of Section 6). Verizon also writes "the only 'commercial activities or operations' that may occur only if Wisconsin Center District[1] 'expressly allow[s]' them are those 'pedestrian and recreational uses' for which 'members of the public' access the Public Plaza." (Verizon Br. at 32.) Deer District can make neither heads nor tails of this sentence but thankfully, the Lease is not so confusing and clearly grants to Deer District exclusive control of commercial activity in the Plaza.

Finally, Verizon argues that the limitation in Section 4D that Deer District improve the Plaza according to the Approved Plaza Plans means that Deer District's right to improve the Plaza is non-exclusive because Verizon's wireless facilities are not included in those plans. (*See id.* at 32-33.) As discussed in Section II *supra*, Verizon again impermissibly attempts to read into a Lease Section 4D, which grants rights to Deer District, terms granting rights to other parties. Much as it might wish to do so, Verizon cannot simply rewrite the Lease to suit its unlawful efforts to erase Deer District's rights.

Deer District is the only party authorized under the Lease and at law to approve commercial activity and/or improvement of the Plaza. Verizon fails to identify any Lease term which provides to the contrary. Its positions with respect to

---

[1] Presumably in an attempt to distance Deer District from its rights under the Lease, Verizon often uses "Wisconsin Center District" when discussing terms of the Lease despite acknowledging that, under the Sublease between the two, Deer District steps into Wisconsin Center District's shoes for purposes of Wisconsin Center District's rights under the Lease. (*See* Verizon Br. at 27 (citing Section 2C of the Lease which anticipates the Sublease and grants Deer District Wisconsin Center District's rights under the Lease).)

the above Lease sections should be disregarded and its permits invalidated as in violation of those Lease terms.

## IV. The Plaza is Not "Other Similar Property" Under § 66.0414(1)(t).

Attempting to shoehorn the Plaza into the definition of right-of-way under § 66.0414(1)(t), Verizon argues that the Plaza is just a really big sidewalk and therefore is "other similar property" as that is used in the definition. (*See* Verizon Br. at 34-35.) However, simply because pedestrians use both the Plaza and sidewalks does not make the two sufficiently similar for purposes of § 66.0414. Pedestrians have access to and use all sorts of property—parks, businesses, airports, stadiums—but that fact alone cannot reasonably be deemed to make those areas "similar" to a three-foot sidewalk running along the side of a road. *See* Wis. Stat. § 66.0414(1)(t); Wis. Stat. § 340.01(58) (defining sidewalk as a certain area adjacent to highways). The Plaza is a gathering place. Thousands of people regularly congregate in the Plaza for various events. Sidewalks *cannot* serve as hosts to such events; they are required by law to be kept clear. *See* Wis. Stat. § 66.0907(1) ("[N]o person may encumber the sidewalk with boxes or other material. The sidewalk shall be kept clear."). Moreover, local government controls use of sidewalks. *See e.g.* Milwaukee, Wis., Code of Ordinances § 105-55.5 (requiring permits to obstruct streets or sidewalks). But Deer District controls use of the Plaza. The Plaza is about as similar to a sidewalk as a McDonald's drive-thru is to the autobahn.

This is not to suggest that "other similar property" as used in the definition of "right-of-way" in § 66.0414 is surplusage. Some examples of such areas might

include a bike lane, a public pier, a trail, a foot bridge, or a bus stop. Another pedestrian mall that is not leased to a private entity may even qualify as "other similar property." For example, State Street in Madison is a pedestrian mall. *See* Madison, Wis., Code of Ordinances § 12.167. The City of Madison (not a private entity) controls State Street; all activity on State Street occurs via permit. *See* Madison, Wis., Code of Ordinances §§ 10.055, 10.056 (requiring permits for street occupancy or use). Because it is publicly controlled and primarily used in the same manner as a sidewalk or street in that it is used by pedestrians, buses, and cyclists for transportation purposes, an argument can certainly be made that the State Street pedestrian mall is sufficiently similar to a highway or a sidewalk to qualify as "other similar property." However, for those same reasons, State Street is not similar to the Plaza which is privately controlled and not primarily used in the same manner as a street or sidewalk and that is why the Plaza is not "other similar property."

## V. Verizon Bootstraps its Incorrect Interpretation of the Lease to its Argument that No Taking Occurred.

Verizon argues that no taking occurred based on its belief that the City retained the right to authorize installation of small cells in the Plaza. (*See* Verizon Br. at 36.) Of course, to agree with Verizon on the taking issue, the Court would have to first ignore (as Verizon and the District Court have) the terms of the Lease that vest in Deer District the right to control commercial activities in and to make improvements to the Plaza and adopt Verizon and the District Court's broad-as-the-horizon interpretation of "other similar property." The Court should not do so

because no reasonable reading of the Lease or the small cell statute allow for such conclusions. Further, Verizon fails to offer any response to the substance of Deer District's taking argument—that if the Lease granted Deer District the right to control commercial activities in the Plaza and the right-of-way definition is as broad as Verizon and the District Court treat it, a taking occurred. In other words, if the Court agrees with Deer District regarding its rights under the Lease, the Court must find that an unconstitutional taking would occur under the District Court's interpretation of the right-of-way definition and therefore, must reverse the District Court to avoid such a taking. *See Artis v. District of Columbia*, 583 U.S. 71, 89 (2018) (courts avoid construing statutes in a manner so as to create a constitutional issue).

## VI. The Court Must Interpret the "Right-Of-Way" Definition in § 66.0414 or Certify That Question to the Wisconsin Supreme Court.

Verizon asks the Court not to interpret the right-of-way definition in § 66.0414 and not to certify that question to the Wisconsin Supreme Court. (*See* Verizon Br. at 36 n.14, 37-38.) But Verizon fails to explain how the Court could possibly decide this appeal without understanding the scope of the definition. Verizon's hand waiving aside, however the Court interprets the Lease, it must then apply the small cell statute's right-of-way definition to the resulting mix of rights belonging to the City and to the Deer District to determine whether the Plaza is "other similar property." And if the § 66.0414 definition is narrower than at common law (it is because (1) the definition exists and (2) not all rights-of-way are

included in the definition), it does not encompass the Plaza because while the Plaza is accessible to the public it is not similar to the properties listed in the definition.

## VII. Deer District Has Not Waived Its Ability to Support its Appellate Arguments With § 229.461 and Those Arguments Demonstrate the District Court's Errors.

Where a party makes an argument below, the party may offer additional authority in support of that argument on appeal. *See United States v. Billups*, 536 F.3d 574, 578 (7th Cir. 2008). In *Billups*, a party provided statutory support for his position on appeal which he had not raised in front of the district court. *Id.* This Court held that the party had not waived his ability to rely on the additional statutory support, finding that he was merely offering "a new twist" on the argument raised below. *Id.*

Verizon argues that Deer District waived its ability to rely on § 229.461 on appeal because Deer District did not cite that statute below. (*See* Verizon Br. at 38-39.) Though Deer District did not cite that specific subsection of Chapter 229 in the District Court, it cited a related section (§ 229.41 which defines terms used in § 229.461) as well as the act that created § 229.461 (2015 Wisconsin Act 60) when arguing that the Plaza does not fit the definition of right-of-way in § 66.0414. (*See* Deer District's Br. in Opp'n to Verizon's Mot. for Prelim. Inj. at 3, (District Court) ECF No. 36.) And in any event, Deer District made the arguments below which it supports with § 229.461 on appeal. Deer District argues that the directives in § 229.461 granting Deer District the right and responsibility to operate and manage the Plaza, including by improving the Plaza and receiving all revenue from use of the Plaza, demonstrate that the Plaza is not a right-of-way under § 66.0414. (*See*

Deer District's Appellate Br. at 26-28, (7th Cir.) ECF No. 11.) Deer District also cites § 229.461 on appeal to argue that the police powers doctrine does not apply. (*See id.* at 36-38.) Deer District made both of those arguments in the District Court. (*See* ECF No. 36 at 2-3; Continued Mot. Hearing Tr. at 174:25-175:5, 182:15-185:16, Jan. 24, 2024, (District Court) ECF No. 40.) Because Deer District, like the party in *Billups*, made the same arguments below as it does on appeal, Deer District may offer § 229.461 as additional support for those arguments. Waiver does not apply here.

Properly interpreted, there is no conflict between § 229.461 and § 66.0414. Perhaps sensing the weakness of its waiver argument, Verizon attempts to address the impact of § 229.461 on § 66.0414. (*See* Verizon Br. at 38-39.) However, Verizon misses the mark. It sets about resolving a conflict between the two statutes. But the statutes are only in conflict as a result of the District Court's erroneous interpretation of § 66.0414 which strips Deer District of the rights the Wisconsin Legislature vested in the Deer District under § 229.461. To the extent Verizon addresses that issue, it claims that because § 229.461 "does not mention small cell wireless facilities," it is not inconsistent with the District Court's application of § 66.0414. (Verizon Br. at 38.) However, Verizon fails to contend with the fact that § 229.461 could not have mentioned small cell wireless facilities because it predates Wisconsin's small cell statute by nearly four years. *See* Wis. Stat. § 991.11 (acts effective day after date of publication); 2015 Wis. Act 60 (published Aug. 13, 2015); 2019 Wis. Act 14 (published July 11, 2019). Verizon also apparently ignores the

plain language of § 229.461 which grants Deer District the right to "operate and manage" the Plaza, to improve it, and to receive the revenues from use of it. Under its unlawful permit, Verizon effectively operates and manages the sections of the Plaza occupied by its poles, it improved the Plaza when installing the poles, and it receives the revenue generated by the small cells housed on the poles. Verizon is violating § 229.461 as a result of the District Court's interpretation of § 66.0414. The Court must reverse the District Court to restore the Wisconsin Legislature's intent in enacting § 229.461.

Verizon barely addresses the District Court's application of the police powers doctrine. In a footnote, Verizon argues that § 229.461 does not authorize the City to give away its permitting authority and therefore, the City cannot or did not do so via the Lease. (*See* Verizon Br. at 33 n.11.) While § 229.461 does not expressly authorize the City to give up its right to permitting in the Plaza, that is too narrow an application of the legislative authority exception to the police powers doctrine—it does not account for the unavoidable consequences of the express terms of that statute. Section 229.461 expressly commands the City to "enter into a development agreement" with Deer District whereby the arena area, including the Plaza, "will be . . . leased" to Deer District and the lease "shall contain" certain provisions, including that Deer District shall equip, maintain, operate, improve and repair the Plaza and that Deer District shall receive all revenue from use of the Plaza. The City cannot comply with the legislature's directive and retain authority to permit small cell installations in the Plaza because, by dictating the key terms of the

Lease, the legislature has commanded that the Plaza shall no longer be a "right-of-way" as that is defined in § 66.0414. The District Court misapplied the police powers doctrine and must be reversed—the City can and did convey control of the Plaza to Deer District pursuant to § 229.461.

CONCLUSION

The District Court's decision cannot stand. The District Court stripped Deer District of its rights under the Lease and § 229.461. The Plaza is not a right-of-way that is subject to small cell installation—it is a pedestrian mall controlled by a private party and therefore, not similar to a highway, sidewalk or utility easement. Verizon's permits are invalid and unlawful. The Court should reverse the District Court to restore Deer District's rights.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2024.

| | |
|---|---|
| Mailing Address: | s/ Daniel G. Murphy |
| P.O. Box 2965 | Daniel G. Murphy |
| Milwaukee, WI 53201-2965 | WI State Bar ID No. 1097740 |
| Telephone: 414-298-1000 | dmurphy@reinhartlaw.com |
| Facsimile: 414-298-8097 | Jessica Hutson Polakowski |
| | WI State Bar ID No. 1061368 |
| | jpolakowski@reinhartlaw.com |
| | Reinhart Boerner Van Deuren s.c. |
| | 1000 North Water Street, Suite 1700 |
| | Milwaukee, WI 53202 |
| | *Attorneys for Deer District LLC* |

<u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for the Intervening Defendant-Appellant Deer District LLC furnishes the following in compliance with Circuit Rule 32 and F.R.A.P Rule 32(a)(7):

I hereby certify that this reply brief conforms to the rules contained in Circuit Rule 32 and Federal Rule of Appellate Procedure 32(a)(7) for a brief produced with proportionally spaced font. This reply brief was prepared with Microsoft Word using Century font, with 12-point print used in the text and 11-point print used in the footnotes. Measured with the word count feature of the word processing program (including footnotes), the brief has 6,309 words.

| Mailing Address: | s/ Daniel G. Murphy |
|---|---|
| P.O. Box 2965 | Daniel G. Murphy |
| Milwaukee, WI 53201-2965 | WI State Bar ID No. 1097740 |
| Telephone: 414-298-1000 | dmurphy@reinhartlaw.com |
| Facsimile: 414-298-8097 | Jessica Hutson Polakowski |
| | WI State Bar ID No. 1061368 |
| | jpolakowski@reinhartlaw.com |
| | Reinhart Boerner Van Deuren s.c. |
| | 1000 North Water Street, Suite 1700 |
| | Milwaukee, WI 53202 |
| | *Attorneys for Deer District LLC* |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, counsel for the Intervening Defendant-Appellant Deer District LLC hereby certifies that on June 7, 2024, I electronically filed the Reply Brief of the Intervening Defendant-Appellant with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that counsel for Intervening Defendant-Appellant Deer District LLC are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 7, 2024

| | |
|---|---|
| Mailing Address: | s/ Daniel G. Murphy |
| P.O. Box 2965 | Daniel G. Murphy |
| Milwaukee, WI 53201-2965 | WI State Bar ID No. 1097740 |
| Telephone: 414-298-1000 | dmurphy@reinhartlaw.com |
| Facsimile: 414-298-8097 | Jessica Hutson Polakowski |
| | WI State Bar ID No. 1061368 |
| | jpolakowski@reinhartlaw.com |
| | Reinhart Boerner Van Deuren s.c. |
| | 1000 North Water Street, Suite 1700 |
| | Milwaukee, WI 53202 |
| | *Attorneys for Deer District LLC* |

51856004v3

25